UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HENRY SCOTT,

                                **REPORT AND RECOMMENDATION**
                                No. 07-CV-6564(CJS)(VEB)

            Petitioner,

  -vs-

NEW YORK STATE DEPARTMENT OF
CORR.,

            Respondent.
_____

On or about November 14, 2007, *pro se* petitioner Henry Scott ("Scott") filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the County Court (Wayne County) of New York State, on May 8, 2003. *See* Docket No. 1. Scott also sought permission to proceed *in forma pauperis*. *See* Docket No. 2. This matter was referred to the undersigned on December 6, 2007. *See* Docket No. 3.

On January 4, 2008, because Scott had not provided sufficient information to determine whether he should be accorded poor-person status and because it appeared upon initial review that his habeas petition was untimely under 28 U.S.C. § 2244(d)(1), a Decision and Order was issued directing Scott to provide additional information. *See* Docket No. 4. In particular, Scott was ordered to complete a § 2254 Timeliness Response Form and a supplementary *in forma pauperis* application. *See* Docket No. 4. Petitioner was advised that the failure to complete the supplementary *in forma pauperis* application by February 18, 2008, and remit payment of the $5.00 filing fee would result in the dismissal of the petition without prejudice. *See* Docket No. 4. Scott was further advised that the failure to return the completed § 2254 Timeliness Response Form by February 18, 2008, would result in the automatic dismissal of the petition as an abuse of

1

the writ. *See* Docket No. 4.

Subsequently, Scott sent a letter to the District Court Clerk dated January 22, 2008; the letter was filed on January 24, 2008, and docketed on January 28, 2008, as a "Motion to Dismiss by Henry Scott." *See* Docket No. 25. The letter states, in relevant part, as follows:

> I've made an error and would very much like you to dismiss this habeas corpus [sic] in its entirety. I am very sorry for the misconvenience [sic].

The Court notes that Scott has not submitted the § 2254 Timeliness Response Form or the supplementary *in forma pauperis* application enclosed along with the order dated January 4, 2008 (Docket No. 4), as instructed.

Based on the facts detailed above regarding the procedural history of this case, the previous order dated January 4, 2008 (Docket No. 4), and Scott's clear request to withdraw the petition as set forth in his recent letter to the Court (Docket No. 5),[1] I recommend that the petition (Docket No. 1) be **DISMISSED without prejudice.**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: January 29, 2008
       Rochester, New York.

---

[1] Scott is advised that the applicable limitations period is tolled *only* "during the time in which a properly filed application for *State* post-conviction or other collateral review . . . is pending. . . ." 28 U.S.C. § 2244(d)(2) (emphasis supplied). The pendency of the instant application for a writ of habeas corpus is a *Federal* request for collateral review and does not serve to toll the statute of limitations under § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that the tolling mandated by § 2244(d)(2) applies only to State, and not to federal, petitions for collateral relief); *accord Rodriguez v. Bennett*, 303 F.3d 435, 438 (2d Cir. 2002). In other words, the one-year statute of limitations contained in § 2244(d)(1) has continued to run while the present habeas petition has been pending in this Court.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, FED. R. CIV. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

---
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: Rochester, New York
January 29, 2008.